IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANELYS MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC AND AMAZON WEB SERVICES, LLC,<br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Dianelys Martinez ("Plaintiff" or "Mrs. Martinez") files her Original Complaint against Amazon.com Services LLC and Amazon Web Services, LLC (collectively, "Defendants" or "Amazon") as follows:

### I. NATURE OF ACTION

1. Mrs. Martinez sues Defendants for injuries sustained in a trip and fall while performing work at Defendants' premises, based on claims for negligence, gross negligence, and premises liability.

### II. PARTIES

2. Plaintiff is an individual who resides in Harris County, Texas, and is a citizen of Texas.

3. Amazon.com Services LLC is a foreign limited liability company that does business in the State of Texas and Harris County. Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Pursuant to TEX. CIV. PRAC. REM. CODE § 17.023(b), Amazon.com Services LLC may be served with Summons and this Complaint through its registered agent: Corporation Service Company dba

CSC- Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Amazon Web Services, LLC is a foreign for-profit corporation that does business in the State of Texas and Harris County. Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Pursuant to TEX. CIV. PRAC. REM. CODE § 17.023(b), Amazon Web Services, LLC may be served with Summons and this Complaint through its registered agent: Corporation Service Company dba CSC- Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701

### III. JURISDICTION AND VENUE

5. Amazon.com Services LLC is a Delaware company. Amazon Web Services, LLC is a Delaware corporation. Plaintiff is a citizen of Texas. The amount in controversy exceeds $75,000. Therefore, this Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. A substantial part of the events giving rise to Plaintiff's claims occurred in Harris County, Texas. Harris County, Texas is within this Judicial District and within the Houston Division of this Judicial District. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

### IV. FACTUAL BACKGROUND

7. On or about August 15, 2020, Mrs. Martinez was performing work at Amazon's Fulfillment Center, located at 10550 Ella Boulevard in Harris County, Texas ("the Premises"). While working at the Premises, Mrs. Martinez encountered a large bolt protruding from the floor, located on a distribution line. Mrs. Martinez did not observe the large bolt, and while walking across the bolt, Plaintiff trip and fell, causing serious injuries to Plaintiff ("the

Incident").

8. Defendants possessed, occupied or otherwise controlled the Premises where the Incident occurred.

## I. NEGLIGENCE AND PREMISES LIABILITY

9. Plaintiff incorporates all factual allegations made above.

10. Defendants failed to do that which a premises owner or operator of ordinary prudence would have done under the same or similar circumstances or did that which a premises owner or operator of ordinary prudence would not have done under the same or similar circumstances.

11. Plaintiff was an invitee on the Premises. Defendants possessed, occupied or otherwise controlled the Premises where the Incident occurred. Plaintiff entered the Premises with Defendants' knowledge and for their mutual benefit. A condition on the Premises posed an unreasonable risk of harm. Defendants knew or reasonably should have known of the dangerous condition; that it was necessary that Plaintiff use the dangerous Premises; and should have anticipated that Plaintiff was unable to take measures to avoid the risk. Defendants had a duty to use ordinary care to ensure that the Premises did not present a danger to Plaintiff. Defendants breached the duty of ordinary care.

12. In addition, Defendants were negligent. For example, Defendants were negligent by:

    a. creating a hazard on the Premises and failing to guard against it or warn about it;

    b. failing to make necessary safety inspections to apprise themselves of safety issues at the Premises;

    c. failing to exercise with ordinary care and prudence the right of control that Defendants retained over safety at the Premises;

d.  undertaking to make the Premises safe for others but failing to exercise ordinary care in such undertaking, despite knowing that its actions were necessary for the protection of Plaintiff; and,

e.  other acts and omissions to be proven at trial.

13. Defendants' negligence and the premises defects described herein proximately caused Plaintiff's injuries.

## VI. GROSS NEGLIGENCE OF DEFENDANTS

14. Plaintiff incorporates all factual allegations made above.

15. Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence/ "malice." Defendants' acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Therefore, Defendants' conduct amounts to gross negligence for which Defendants are liable for exemplary damages.

## VII. CAUSATION AND DAMAGES

16. Plaintiff incorporates all factual allegations made above.

17. As a proximate result of all Defendants' negligent and grossly negligent acts and/or omissions and premises defects described herein, Plaintiff has suffered in the past and will continue to suffer in the future: medical and healthcare expenses; lost wages and lost earning capacity; loss of her own household services; pain and suffering; mental anguish; emotional distress; physical and mental impairment; disfigurement; and loss of enjoyment of life.

## VIII. JURY DEMAND

18. Plaintiff respectfully demands a trial by jury on all of her claims, the jury fee having been deposited with the Clerk of the Court.

## IX. ALTERNATIVE PLEADINGS

19. To the extent facts or causes of actions pled in this Original Complaint are in conflict, they are pled in the alternative.

## X. PRESERVING EVIDENCE

20. Plaintiff request that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the Incident made the basis of this lawsuit or the damages resulting therefrom. Failure to maintain such evidence will constitute "spoliation" of the evidence.

## XI. PRAYER

21. Plaintiff prays that judgment be entered against Defendants for:

   a. damages as set forth above in an amount in excess of $75,000 (the minimum diversity jurisdictional amount of this Court);

   b. all costs of court expended herein;

   c. pre-judgment and post-judgment interest at the maximum rate allowed by law;

   d. exemplary damages; and

   e. all such other and further relief, both general and special, at law and in equity to which Plaintiff may show himself justly entitled to receive.

Dated: May 5, 2022
Houston, Texas

Respectfully submitted,

CEDILLOS LAW FIRM, PLLC

By: _____
J. Moises Cedillos
State Bar No. 24080828
Southern District I.D. No. 1531827
3801 Kirby Dr., Suite 510
Houston, Texas 77098
(832) 900-9456
(832) 900-9456 (fax)
moises@cedilloslaw.com

ATTORNEY FOR PLAINTIFF